Peter R. Afrasiabi, Esq. (Bar No. 193336)
  pafrasiabi@onellp.com
Christopher Arledge, Esq. (Bar No. 200767)
  carledge@onellp.com
John Tehranian, Esq. (Bar No. 211616)
  jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, CA 92660
Phone:      (949) 502-2870
Facsimile: (949) 258-5081

Matt Olavi, Esq. (Bar No. 265945)
  molavi@olavidunne.com
Brian J. Dunne, Esq. (Bar No. 275689)
  bdunne@olavidunne.com
**OLAVI DUNNE LLP**
800 Wilshire Blvd., Suite 320
Los Angeles, California 90017
Telephone: (213) 516-7900
Facsimile: (213) 516-7910

*Attorneys for Plaintiff, Mavrix Photographs LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAVRIX PHOTO, INC., a Florida Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>PHOENIX PUBLISHING, LLC, a Tennessee Limited Liability Company; BACKSEATCUDDLER.COM, a business form unknown; JOSHUA HOLMES, an individual; and DOES 1-10 inclusive,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Mavrix Photo, Inc. ("Mavrix"), by and through their attorneys of record, complains against **www.Backseatcuddler.com**, Phoenix Publishing, LLC, backseatcuddler.com, Joshua Holmes, and DOES 1 through 10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for copyright infringement in breach of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District and the Defendants may be found and transact business in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court at least because of their contacts with the State of Tennessee.

## PARTIES

3. Plaintiff Mavrix is a corporation incorporated and existing under the laws of Florida, with a principal place of business in Los Angeles.

4. Defendant backseatcuddler.com is, on information and belief, a website based in Tennessee under common control. Its business form is unknown.

5. Defendant Phoenix Publishing, LLC ("Phoenix Publishing") is, on information and belief, a Tennessee Limited Liability Company. Mavrix is informed and believes that Phoenix Publishing is an owner and operator of backseatcuddler.com.

6. Defendant Joshua Holmes is an individual residing in Tennessee. Mavrix is informed and believes that Holmes is an owner and operator of www.backseatcuddler.com.

7. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

COMPLAINT

8. Plaintiff is informed and believes, and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS

9. Mavrix is a prominent celebrity photography agency based in Los Angeles, California. As part of its business, Mavrix takes candid photographs of celebrities. Mavrix then licenses those photographs to its end customers, often popular publications like People or US Weekly.

10. www.backseatcuddler.com is a website offering celebrity gossip and which also frequently displays photographs of celebrities. www.backseatcuddler.com and its owners have frequently reproduced, publicly distributed and publicly displayed photographs belonging to Mavrix, without regard to Mavrix' ownership of the copyrights in those photos, without procuring a license from Mavrix, and without providing any compensation to Mavrix.

11. On or about April 18th, 2008, Mavrix took at least 35 different photographs of pop star Stacey Ferguson AKA Fergie in the Bahamas with her boyfriend Josh Duhamel (the "Photos"). A copy of images of the Photos is attached hereto as Exhibit A. Mavrix sought and received a federal copyright registration on the Photos within 90 days of their first publication. A true and correct copy of the copyright certificate is attached hereto as Exhibit B. These Photos had substantial market value to Mavrix if they could be licensed on an exclusive basis to a celebrity news publication.

12. Within days, on or about April 21, 2008, Defendants placed on www.backseatcuddler.com at least 7 images of the Photos, displaying those images for the entire world to see and download for free if desired. Attached hereto as Exhibit C are screen captures of the Photos as they appeared on backseatcuddler.com. Defendants displayed the Photos on the website without permission and without a copyright license. Defendants' publishing of the Photos destroyed the market value of them for Mavrix.

# FIRST CLAIM FOR RELIEF

## (Copyright Infringement, 17 U.S.C. § 501)

13. Plaintiff Mavrix incorporates here by reference the allegations in paragraphs 1 through 12 above.

14. Mavrix is the owner of all rights, title and interest in the copyrights to the Photos, which substantially consist of material wholly original with Plaintiff and which are copyright subject matter under the laws of the United States. Mavrix has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photos have been registered with the United States Copyright Office.

15. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Mavrix's copyrights by reproducing, displaying, distributing and utilized the Photos for purposes of trade violation of 17 U.S.C. § 501 *et seq*.

16. Defendants have willfully infringed, and unless enjoined, will continue to infringe Mavrix' copyrights by knowingly reproducing, displaying, distributing and utilizing the Photos for purposes of trade.

17. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the Photos for purposes of trade, including by increasing the traffic to backseatcuddler.com and thus increasing the advertising fees generated by backseatcuddler.com.

18. All of the Defendant's acts are and were performed without the permission, license or consent of Mavrix.

19. The said wrongful acts of Defendants have caused, and are causing, great injury to Mavrix, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Mavrix will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Mavrix seeks a declaration that Defendants are infringing Mavrix's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Mavrix' copyrights.

20. As a result of the acts of Defendants alleged herein, Mavrix has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

21. Because of the willful nature of the copyright infringement of at least 7 copyrighted images, Mavrix is entitled to an award of statutory damages of an amount up to $1,050,000 against the Defendants (7 x $150,000). Mavrix is also entitled to its attorney's fees in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoyed from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet web sites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Mavrix' rights in the Photos.

2. Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and for costs, interest and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

3. An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff

1 | for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

6. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated:  December 20, 2013

**ONE LLP**

By: _____
Peter R. Afrasiabi
Attorneys for Plaintiff,
Mavrix Photo, Inc.

**OLAVI DUNNE LLP**

By: _____
Matt Olavi
Attorneys for Plaintiff
Mavrix Photo, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Mavrix Photo, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated: December 20, 2013

ONE LLP

By: *[signature]*
Peter R. Afrasiabi
Attorneys for Plaintiff,
Mavrix Photo, Inc.

OLAVI DUNNE LLP

By: *[signature]*

Matt Olavi
Attorneys for Plaintiff
Mavrix Photo, Inc.

7

COMPLAINT